IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Morant, ) | |
| ) | C/A No. 0:10-2958-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Robert Bollinger, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Maurice Morant is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Evans Correctional Institution in Bennettsville, South Carolina. On November 15, 2010, Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On April 21, 2011, Respondent filed a motion for summary judgment. On April 22, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed no response to the motion for summary judgment. On June 1, 2011, the Magistrate Judge issued an order directing Petitioner to file a response to Respondents' motion within fourteen days. Petitioner was advised that his failure to respond would subject his case to dismissal with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Petitioner filed no response. Accordingly, the Magistrate Judge issued a Report and Recommendation on February 23, 2011 in which she recommended that the within complaint be dismissed for failure to prosecute. Also on June 1, 2011, Petitioner filed a motion for extension of time to respond to Respondent's motion for summary judgment. The

Magistrate Judge granted Petitioner's motion on June 2, 2011 and granted Petitioner until June 30, 2011 to file a response. On June 30, 2011, Petitioner filed a second motion for extension of time. On July 1, 2011, the Magistrate Judge granted Petitioner's motion, and granted Petitioner until August 15, 2011 to file a response to Respondent's motion for summary judgment. On August 15, 2011, Petitioner filed a third motion for extension of time. The Magistrate Judge granted Petitioner's motion on August 17, 2011, and granted Petitioner until September 16, 2011 to file a response. Despite being given three extensions, Petitioner filed no response in opposition to Respondent's motion for summary judgment.

On September 21, 2011, the Magistrate Judge filed a Report and Recommendation in which she recommended that the case be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the

Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 18, 2011

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**